-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEVON OMAR RICHARDSON,
ROBERT BAZILE,
GARNET MARSHALL,

        Petitioners,

    -v-                                    13-CV-203C
                                              **ORDER**

ERIC H. HOLDER, Attorney General,
DEPARTMENT OF HOMELAND SECURITY,
DHS/ICE, TODD TRYON,

        Respondents.

---

    Devon Richardson, Robert Bazile and Garnet Marshall, all of whom were detained at the Batavia Federal Detention Facility at the time of the commencement of this action, have filed what have captioned a "Notice of Intent to File a Class Action Suit." (Docket No. 1, p. 1) While they begin their complaint by expressing the objective of "seeking to redress the injuries suffered by [all] lawful permanent residents applicable by law", in reality their complaint is, as they proceed to state, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (*id.*, p. 2), and the Court will accordingly refer to the complaint as the "petition", and to the plaintiff as "petitioners."

    Petitioners neither paid the filing at the time the petition was filed nor did they file motions to proceed *in forma pauperis*. While the Court would ordinarily require them to either pay the filing fee or apply for poor person status before further reviewing

the petition, the Court will dispense with this step, given its determination, for the reasons set forth below, that the petition must be dismissed on jurisdictional grounds.

Petitioners state that they are seeking to challenge final orders of removal against them. (*Id.*, p. 3), and the bulk of the petition is in the form of a brief presenting arguments as to why their deportation (and the deportation of resident aliens similarly situated) violates the Constitution, and conflicts with various Supreme Court decisions.

This court lacks subject matter jurisdiction over petitioners' claims. The REAL ID Act, enacted May 11, 2005, amended federal law to provide that "[n]otwithinstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code ... a petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]" 8 U.S.C. § 1252(a)(5); *see also* Marquez-Almanzar v. I.N.S., 418 F.3d 210, 215 (2d Cir. 2005) (finding that "8 U.S.C. § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal" in district courts). This bar also applies to indirect challenges to the order of removal. *See* Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (per curiam) (holding that district court did not have jurisdiction over indirect challenges to a removal order). Accordingly, the

REAL ID Act of 2005 divests this Court of jurisdiction to review petitioner's removal order and, therefore, the Court lacks jurisdiction over petitioner's claims.

The Court notes that, although the REAL ID Act of 2005 has eliminated the district court's jurisdiction over habeas corpus petitions as stated above, district courts retain subject matter jurisdiction over Section 2241 petitions that do not involve final orders of removal. See Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006). Specifically, a detainee "in custody of the laws of the United States may file, and the Court has jurisdiction to consider, habeas petitions under 28 U.S.C. § 2241(c)(3) seeking release from post-removal-period detention and supervision." Lawrence v. Gonzales, 2013 U.S. Dist. LEXIS 59239, at *4-5 (S.D.N.Y. Apr. 19, 2013)(citing Zadvydas v. Davis, 533 U.S. 678 687-88 (2001)).

While as discussed *supra,* the thrust of the instant petition is a challenge to petitioners' removal orders, the petition does state, at one point, that they seek to be released from the "illegality of being detained." (Docket No. 1, p. 2). To the extent that this statement might be construed as seeking release from post-removal detention, the Court notes that petitioners Richardson and Marshall were released from detention after the commencement of this action, thereby rendering any challenge to continued administrative custody/detention pending removal moot.

Petitioner Richardson did, in fact, file with this Court a petition pursuant to 28 U.S.C. § 2241 challenging his continued detention pending removal; that petition was dismissed by the Court (Hon. John T. Curtin) as moot inasmuch as he was released from administrative detention shortly after the filing of his petition. Richardson v. Holder, 12-CV-1134C (Docket No. 18 [Order filed March 1, 2013]). As for petitioner Bazile, assuming he remains in custody he may, if he desires to challenge his continued detention pending removal, file a petition under § 2241 requesting such relief.

Accordingly, this petition challenging orders of deportation or removal is dismissed with prejudice for lack of jurisdiction. A certificate of appealability shall not issue because petitioners have not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C, § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   March 26, 2014
         Rochester, New York